Dear Superintendent Lagasse:
You requested the opinion of this office regarding whether the School Board of Jefferson Parish (the "School Board"), which did not increase the millage rate in the re-assessment year of 2000, could set the ad valorem millage at the level prior to re-assessment not "in excess of the prior year's maximum rate" in the calendar year 2001.
Article VII, Section 23 (C) of the Louisiana Constitution provides as follows:
 Nothing herein shall prohibit a taxing authority from collecting, in the year in which Sections 18 and 20 of this Article are implemented or in any subsequent year, a larger dollar amount of ad valorem taxes by (1) levying additional or increased millages as provided by law or (2) placing additional property on the tax rolls. Increases in the millage rate in excess of the rates established as provided by Paragraph (B) above but not in excess of the prior year's maximum authorized millage rate may be levied by two-thirds vote of the total membership of a taxing authority without further voter approval but only after a public hearing held in accordance with the open meetings law; however, in addition to any other requirements of the open meetings law, public notice of the time, place, and subject matter of such hearing shall be published on two separate days no less than thirty days before the public hearing. Such public notice shall be published in the official journal of the taxing authority, and another newspaper with a larger circulation within the taxing authority than the official journal of the taxing authority, if there is one. (Emphasis added).
It has long been the opinion of this office that a taxing authority may increase its ad valorem tax to a rate "not in excess of the prior year's maximum authorized millage rate" after the last re-assessment year but prior to the next reassessment year. Op.Atty.Gen. No. 83-659. In Ops.Atty.Gen. 82-758, 00-245 and 00-245 (A), this office determined that the phrase "but not in excess of the prior year's maximum" should be interpreted as referring to the year prior to the last reassessment and not the year prior to which the taxing authority opts to increase its maximum authorized millage. See also, Ops.Atty.Gen. 93-339, 86-249, 01-295. Of course, in order to "roll forward" its millage, the taxing authority must follow the requirements of a public hearing after the publication of notice as set forth in Article VII, Section 23 (C).
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ MARTHA S. HESS ASSISTANT ATTORNEY GENERAL
RPI/MSH